IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APAC CUSTOMER SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 2217 |
| ) | |
| MICHAEL MARROW, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Michael Marrow's (Marrow) motion to compel arbitration and to stay proceedings. For the reasons stated below, the motion to compel arbitration is granted.

**BACKGROUND**

Plaintiff APAC Customer Services, Inc. (APAC) contends that it is a leading provider of customer care and business processing outsourcing solutions. In February 2008, Marrow allegedly became the President and CEO of APAC. Prior to commencing employment with APAC, Marrow allegedly executed several

agreements including an Agreement Protecting Company Interests (APCI). The APCI allegedly includes a non-competition clause (Non-Competition Clause), non-solicitation clauses (Non-Solicitation Clauses), and a confidential information clause (Confidential Information Clause). In September 2010, Marrow allegedly resigned from APAC and he signed a waiver and release (Waiver and Release) that indicated that he remained bound by the terms of the APCI. In March 2012, Marrow allegedly accepted a position as CEO for Defendant Qualfon Corporation (Qualfon). APAC asserts that Qualfon is a direct competitor of APAC. According to APAC, with the encouragement of Qualfon, Marrow allegedly violated the terms of the APCI by working for a competitor, disclosing trade secrets, and soliciting APAC's customers and employees. APAC includes in its amended complaint a claim alleging a breach of the Non-Competition Clause (Count I), a claim alleging a breach of the Waiver and Release (Count II), a tortious interference with contract claim (Count III), a claim alleging violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* (Count IV), and two declaratory relief claims (Counts V and VI). Marrow now moves to compel arbitration and to stay the instant proceedings.

## LEGAL STANDARD

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, provides "that a

written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A party can bring an action in federal court to compel an opponent to submit to arbitration pursuant to 9 U.S.C. § 4. *Id.* A court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted). When an arbitration agreement contains a broad arbitration provision, "there is a presumption in favor of arbitrability," and "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25

(1985)); *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)(stating that "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration"); *see also Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)(stating that "because arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit'")(quoting *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002)).

## DISCUSSION

Marrow argues that he executed an Executive Employment Agreement while employed by APAC (Employment Agreement). Marrow contends that the dispute in the instant action is subject to arbitration under the terms of the Employment Agreement.

I. Preliminary Injunctive Relief

APAC argues that even if this case falls within the scope of the Arbitration Clause, APAC is entitled under the law to seek preliminary injunctive relief from the court before arbitration. A party generally may obtain preliminary injunctive relief in a case, even if the parties have agreed to resolve the dispute in arbitration.

*Gateway Eastern Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1141 (7th Cir. 1994)(recognizing the "equitable power on the part of the district court to issue preliminary injunctive relief in disputes that are ultimately to be resolved by an arbitration panel"). However, in this case, APAC has already been provided with an opportunity to obtain preliminary injunctive relief. On April 4, 2012, this court granted APAC's motion for a temporary retraining order (TRO). On April 16, 2012, APAC moved for the withdrawal of the TRO and indicated that APAC would not pursue a preliminary injunction. Thus, preliminary injunctive relief is no longer an issue in these proceedings and does not provide a basis to delay a resolution of the request for arbitration.

II. Scope of Arbitration Clause

Marrow argues that the dispute in the instant action falls within the scope of the Arbitration Clause. The Employment Agreement, which is attached to the second amended complaint, provides the following arbitration clause (Arbitration Clause):

> 14. <u>Arbitration.</u> Except as provided in Section 12 above, in the event that there shall be a dispute among the parties arising out of or relating to this Agreement, or the breach thereof, the parties agree that such dispute shall be resolved by final and binding arbitration in Chicago, Illinois administered by the American Arbitration Association (the "<u>AAA</u>"), in accordance with AAA's Commercial Arbitration Rules. . . .

(A Compl. Ex. B Par. 14). The Employment Agreement also provides that Marrow "agrees" to "abide by the terms of the Agreement Protecting Company Interests attached hereto as Exhibit C." (A. Compl. Ex. B Par. 9). The Employment Agreement further provides that the agreement "together with all Exhibits thereto, contains the entire agreement between" the parties. (A. Compl. Ex. B Par. 20). APAC argues that it is not premising any claims in this case on a breach of the Employment Agreement. APAC argues that its claims are mainly premised on a breach of the terms of the APCI.

If it is clear "that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law." *Gore*, 666 F.3d at 1032. A federal court cannot deny a motion to compel arbitration on "an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (internal quotations omitted)(quoting *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)). When parties enter into multiple agreements, and "only one contains an arbitration clause, and the plaintiff brings a cause of action based, at least in part, on conduct contrary to the agreement that does not have the arbitration clause, the parties can be compelled to arbitrate only if (1) the clause itself is broad

6

enough to encompass their dispute, or (2) the agreement containing the clause incorporates the other[(s)] by reference." *Gore*, 666 F.3d at 1033.

Marrow argues that the claims in the instant action fall within the scope of the Arbitration Clause. In the Arbitration Clause, the parties agree that any "dispute among the parties arising out of or relating to this Agreement or the breach thereof . . . shall be resolved by final and binding arbitration. . . ." (A. Compl. Ex B Par. 14). APAC has expressly disavowed that its claims in any way arise from a breach of the Employment Agreement. However, in Paragraph 9 of the Employment Agreement, Marrow expressly agreed to abide by the terms of the APCI, thus incorporating the terms of the APCI into the Employment Agreement. Regardless of whether APAC is alleging a breach of the Employment Agreement, the same non-competition and non-solicitation provision that are included by reference in the Employment Agreement are at issue in this case. Thus, the dispute in the instant action clearly relates to the terms of the Employment Agreement. APAC has not argued that the Employment Agreement is invalid, and APAC is bound by the terms that it agreed to in the Arbitration Clause. To the extent that the Arbitration Clause contradicts any provisions in the APCI or other agreements entered into by the parties, the Arbitration Clause controls based on the presumption in favor of arbitration. *United Steel*, 531 F.3d at 536; *Gore*, 666 F.3d at 1032-33; *Miller*, 139 F.3d at 1136.

7

Therefore, Marrow's motion to compel arbitration is granted.

## CONCLUSION

Based on the foregoing analysis, Marrow's motion to compel arbitration is granted.

                                                _____
                                                Samuel Der-Yeghiayan
                                                United States District Court Judge

Dated:   April 26, 2012