# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **APAC CUSTOMER SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12 C 2217** |
| | ) | |
| **MICHAEL P. MARROW et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff APAC Customer Services, Inc.'s (APAC) motion to alter or amend. For the reasons stated below, the motion to alter or amend is denied.

## BACKGROUND

APAC contends that it is a leading provider of customer care and business processing outsourcing solutions. In February 2008, Defendant Michael P. Marrow (Marrow) allegedly became the President and CEO of APAC. Prior to commencing employment with APAC, Marrow allegedly executed several agreements, including

an Agreement Protecting Company Interests (APCI). The APCI allegedly includes a non-competition clause (Non-Competition Clause), non-solicitation clauses (Non-Solicitation Clauses), and a confidential information clause (Confidential Information Clause). In September 2010, Marrow allegedly resigned from APAC and he signed a waiver and release (Waiver and Release) that indicated that he remained bound by the terms of the APCI. In March 2012, Marrow allegedly accepted a position as CEO for Defendant Qualfon Corporation. APAC asserts that Qualfon and Defendant Qualfon S.C. (collectively referred to as "Qualfon") are direct competitors of APAC. According to APAC, with the encouragement of Qualfon, Marrow allegedly violated the terms of the APCI by working for a competitor, disclosing trade secrets, and soliciting APAC's customers and employees. APAC includes in its amended complaint a claim alleging a breach of the Non-Competition Clause (Count I), a claim alleging a breach of the Waiver and Release (Count II), a tortious interference with contract claim (Count III), a claim alleging violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* (Count IV), and two declaratory relief claims (Counts V and VI). Marrow moved to compel arbitration, and on April 26, 2012, the court granted the motion. APAC now requests that the court reconsider, in part, its April 26, 2012 ruling.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e)), a party can file a motion to alter or amend a judgment within 28 days after the entry of judgment. Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

APAC argues that the court should reconsider the April 26, 2012 ruling to the extent that the ruling dismissed APAC's tortious interference claims brought against Qualfon. APAC contends that although the court granted Marrow's motion to compel arbitration in regard to the claims brought against him, unlike Marrow,

Qualfon is not a party to the Executive Employment Agreement (Employment Agreement), which included the arbitration clause in question. APAC argues that "[t]he Court's decision to dismiss the action in its entirety leaves APAC without a forum in which to pursue its claim against Qualfon. . . ." (Recon. 2). APAC's motion lacks any merit for two separate reasons.

First, the instant motion to alter or amend the judgment brought under Rule 59(e) is improper since, in granting the motion to compel arbitration, no final judgment has been entered in this case. Fed. R. Civ. P. 59(e). The case was instead dismissed with leave to reinstate. Second, APAC retains the ability in the future to litigate its claims brought against Qualfon. The court, in granting the motion to compel arbitration, did not dismiss the action with prejudice or even dismiss the action without prejudice, allowing APAC to re-file an action in the future. The court indicated that instead of staying the instant action during the arbitration and allowing the case to remain stagnant on the docket, the court was dismissing the action with leave to reinstate after the termination of the arbitration proceedings. The case may be reinstated at that juncture as though the case had never been dismissed. Thus, after the arbitration has been completed, APAC may pursue the claims against Qualfon, if necessary. APAC contends that the court's ruling permitted Qualfon "to both duck discovery in the arbitration and escape litigation in this Court." (Reply 2).

As the court's April 26, 2012 ruling made clear, APAC may reinstate the instant action if the arbitration fails to resolve the entire dispute between the parties. Thus, APAC is incorrect that Qualfon has somehow evaded the litigation of APAC's claims brought against Qualfon. To the extent that there is any delay in addressing the claims brought against Qualfon, APAC cannot justifiably complain of unfairness since it was APAC that agreed to the arbitration in the Employment Agreement. Judicial efficiency would be best promoted by resolving such arbitration prior to commencing any litigation on any remaining unresolved claims. Therefore, based on the above, APAC's motion to alter or amend is denied.

The court also notes that Qualfon requests attorneys' fees in its response to the instant motion pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* Qualfon has not properly filed a separate motion for sanctions. Even if Qualfon had filed a separate motion, Qualfon has not shown that such sanctions would be appropriate in this case. Therefore, the motion for sanctions is denied.

**CONCLUSION**

Based on the foregoing analysis, APAC's motion to alter or amend is denied.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 6, 2012